# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### HEARD AT COOKEVILLE[1]
### June 2, 2004 Session

## CINDY R. LOURCEY, ET AL. v.
## ESTATE OF CHARLES SCARLETT, Deceased

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Wilson County**
**No. 12043    Clara Byrd, Judge**

---

**No. M2002-00995-SC-R11-CV - Filed September 8, 2004**

---

We granted review to determine (1) whether the complaint states a claim for intentional infliction of emotional distress when it alleges that the defendant's conduct was outrageous because he shot his wife and then himself in plaintiff Cindy Lourcey's presence; and (2) whether the complaint states a claim for negligent infliction of emotional distress when it does not allege that Cindy Lourcey was related to the defendant or his wife. The trial court dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). The Court of Appeals reversed the trial court's judgment after concluding that the complaint states claims for intentional and negligent infliction of emotional distress. After reviewing the record and applicable authority, we hold that the plaintiffs state a claim for intentional infliction of emotional distress because Cindy Lourcey witnessed an "outrageous" act, i.e., the defendant's shooting of his wife and himself, and that the plaintiffs state a claim for negligent infliction of emotional distress even though Cindy Lourcey is not related to the defendant or his wife. Accordingly, we affirm the Court of Appeals' judgment.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals**
**Affirmed; Case Remanded to Circuit Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined. JANICE M. HOLDER, J., filed a separate concurring opinion.

Michele M. Brubaker, Parks T. Chastain and Stacey A. Terral, Nashville, Tennessee, for the Appellant, Estate of Charles Scarlett, Deceased.

---

[1]Oral argument was heard in this case on June 2, 2004, in Cookeville, Putnam County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

David L. Cooper, Nashville, Tennessee, for the Appellees, Cindy R. Lourcey and Vernon B. Lourcey.

## OPINION

## BACKGROUND

The plaintiffs, Cindy Reynolds Lourcey and her husband, Vernon Burton Lourcey, filed a complaint against the defendant, Estate of Charles Scarlett, in the Circuit Court for Wilson County, Tennessee. The complaint asserted claims for intentional infliction of emotional distress and negligent infliction of emotional distress. The allegations in the plaintiffs' complaint are as follows:

On February 5, 2001, Cindy Lourcey was working as a postal carrier for the United States Postal Service. While delivering mail by postal vehicle on Rome Pike in Lebanon, Tennessee, Lourcey encountered Charles Scarlett and his wife, Joanne Scarlett, who was nude from the waist up, in the middle of Rome Pike. When Lourcey stopped her vehicle to provide assistance, Charles Scarlett told her that his wife was having a seizure. As Lourcey used her cell phone to call emergency 911 to request help, Charles Scarlett pulled out a pistol and shot his wife in the head. He then turned and faced Lourcey, pointed the pistol at his head, pulled the trigger, and killed himself.

According to the complaint, Charles Scarlett's conduct created causes of action for intentional and negligent infliction of emotional distress. The complaint alleges that Cindy Lourcey suffered from post-traumatic stress disorder and major depression following the incident and was unable to return to work. In addition, she suffered physical injury and impairment, mental injury and impairment, pain and suffering, medical expenses, lost wages, and lost earning capacity. The complaint also alleges that Vernon Lourcey suffered the loss of consortium and the loss of companionship of his wife.

The defendant, Estate of Charles Scarlett, moved to dismiss the complaint on the grounds that it failed to state a claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. The motion stated that the claim for intentional infliction of emotional distress should be dismissed because Charles Scarlett's conduct was not outrageous and that the claim for negligent infliction of emotional distress should be dismissed because Cindy Lourcey was not closely related to either of the Scarletts. The plaintiffs responded that Scarlett's intentional acts of attempted murder and suicide were sufficiently outrageous to support the intentional infliction of emotional distress claim and that being related was not a required element for the negligent infliction of emotional distress claim.

Following a hearing, the trial court granted the defendant's motion and dismissed the complaint. The Court of Appeals reversed the trial court's judgment, however, and remanded the case to the trial court for further proceedings on the claims for both intentional and negligent infliction of emotional distress. We thereafter granted this appeal.

## ANALYSIS

### Standard of Review

A motion to dismiss a complaint for failure to state a claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure states that the allegations in the complaint, accepted as true, fail to establish a cause of action for which relief can be granted.  Leach v. Taylor, 124 S.W.3d 87, 90 (Tenn. 2004).  A motion to dismiss admits the truth of the relevant and material allegations contained in the complaint.  Id.

When reviewing the trial court's dismissal of a complaint pursuant to Rule 12.02(6), we accept the factual allegations contained in the complaint as true.  Id.  The issue presents a question of law, which we review de novo without according a presumption of correctness to the conclusions reached below.  Id.

### Intentional Infliction of Emotional Distress

The defendant first argues that the trial court properly dismissed the complaint for failure to state a claim for intentional infliction of emotional distress because the conduct of Charles Scarlett was not "outrageous" as a matter of law.  The defendant asserts that "life is full of scenes of tragedy" and argues that "there was no outrageous conduct directed towards Lourcey."

The plaintiffs respond that the complaint states a claim for intentional infliction of emotional distress based on the actions of Charles Scarlett, which were outrageous.  They also argue that Tennessee law does not require that the outrageous conduct be directed at a plaintiff but that the complaint is sufficient even if the law requires that the conduct be so directed because, in this case, Scarlett's conduct was directed at Cindy Lourcey.

We begin the analysis of these issues by first examining the elements required for intentional infliction of emotional distress.  We first recognized the tort of outrageous conduct in Medlin v. Allied Inv. Co., 398 S.W.2d 270, 274 (Tenn. 1966), where we adopted the language of the Restatement (Second) of Torts, section 46, which provided: "One who by extreme and outrageous conduct . . . causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm [to the other] results from it, for such bodily harm."

To state a claim for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) the defendant's conduct resulted in serious mental injury to the plaintiff.  Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

In describing these elements, we have emphasized that it is not sufficient that a defendant "has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress."  Id. (citations omitted).  A plaintiff must in addition show that the defendant's

-3-

conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Miller v. Willbanks, 8 S.W.3d 607, 614 (Tenn. 1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

Applying the foregoing principles, we conclude that the allegations in the plaintiffs' complaint, when accepted as true, state a claim for intentional infliction of emotional distress. The complaint alleges that Charles Scarlett's conduct was intentional and that it caused Cindy Lourcey serious mental injury in the form of post-traumatic stress disorder, depression, and related problems. Moreover, the complaint describes conduct that is "outrageous" under the standards discussed in Bain and Miller. To illustrate, Charles Scarlett told Cindy Lourcey that his wife was having a seizure; as Lourcey was calling 911 for help, Scarlett shot his wife in the head, turned to face Lourcey, put a pistol to his head, pulled the trigger, and killed himself. This conduct, which occurred in Lourcey's immediate presence and involved her as a participant, was not simply a tragedy that is common to daily life as asserted by the defendant. Indeed, the complaint clearly alleges conduct that was outrageous in character, extreme in degree, beyond all possible bounds of decency, and utterly intolerable in a civilized society. See Miller, 8 S.W.3d at 614.

In reaching this conclusion, we need not address the defendant's argument that a claim for intentional infliction of emotional distress under Tennessee law requires that the alleged outrageous conduct be "directed at" the plaintiff. Assuming there is such a requirement, a question we do not decide today, the allegations in the plaintiffs' complaint, when accepted as true, demonstrate that Scarlett's conduct was directed at Cindy Lourcey. The complaint states that Charles Scarlett told Lourcey that his wife was having a seizure and that he knew Lourcey was seeking help in response to his statement. The complaint further states that Lourcey was in close proximity when Scarlett shot his wife and that Scarlett turned to face Lourcey before shooting himself in the head. Accordingly, we conclude that the plaintiffs' complaint states a claim upon which relief could be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure for intentional infliction of emotional distress.

### Negligent Infliction of Emotional Distress

The defendant next argues that the trial court properly dismissed the complaint for failure to state a claim for negligent infliction of emotional distress because the plaintiff, Cindy Lourcey, was not closely related to Charles Scarlett or his wife. The plaintiffs, however, contend that the complaint alleges the necessary elements for negligent infliction of emotional distress and that a relationship is not required for a plaintiff to establish a claim for negligent infliction of emotional distress.

To resolve this issue, we begin the analysis by reviewing the elements of a claim for negligent infliction of emotional distress. In Tennessee, such a claim requires that the plaintiff establish the elements of a general negligence claim: (1) duty, (2) breach of duty, (3) injury or loss, (4) causation in fact, and (5) proximate causation. See Camper v. Minor, 915 S.W.2d 437, 446

-4-

(Tenn. 1996). In addition, the plaintiff must establish the existence of a serious or severe emotional injury that is supported by expert medical or scientific evidence. Id.; see also Ramsey v. Beavers, 931 S.W.2d 527, 531-32 (Tenn. 1996).

In discussing these elements in Ramsey, we clarified that a negligent infliction of emotional distress claim premised upon witnessing the death or injury of a third person requires a plaintiff to show that a "third person's death or injury and plaintiff's emotional injury were proximate and foreseeable results of defendant's negligence." 931 S.W.2d at 531.[2] We commented that foreseeability required consideration of a number of relevant factors but that only two of them were essential: (1) the plaintiff's physical location showed "sufficient proximity to the injury-producing event to allow sensory observation" by the plaintiff, and (2) the injury "was, or reasonably was perceived to be, serious or fatal." Id. Still another factor relating to foreseeability is the plaintiff's relationship to the injured party. Id. at 531-32.

In applying our decision in Ramsey, the Court of Appeals has correctly recognized that the element of foreseeability does not *require* a plaintiff to establish a relationship to the injured third party. See Thurman v. Sellers, 62 S.W.3d 145, 163 (Tenn. Ct. App. 2001).[3] In Thurman, the appellate court observed that the key factors for establishing foreseeability are whether a plaintiff's proximity to the injury-causing event allowed for "sensory observation" and whether the injury "was, or was reasonably perceived to be, serious or fatal." Id. at 163. Moreover, in noting that Ramsey did not expressly state that a plaintiff must have had a close relationship with the third party to establish foreseeability, the intermediate court explained that "the nature of the plaintiff's relationship with the third party should play a pivotal role in determining the *amount* of damages to award, rather than being a prerequisite for establishing foreseeability . . . ." Id. at 164.

In our view, the intermediate court's analysis in Thurman properly recognized that a plaintiff is not required to establish a close relationship to the injured party to state a claim for negligent infliction of emotional distress. There are several reasons why a relationship is not required.

First, our decision in Ramsey rejected a rigid "zone of danger" requirement and clarified that a plaintiff must establish that his or her injuries were foreseeable in accordance with traditional negligence principles. Although we discussed several considerations in analyzing foreseeability in Ramsey, including the plaintiff's relationship to the injured party, we did not hold that the plaintiff's relationship to the injured party was itself an element for stating or establishing a claim for negligent infliction of emotional distress. See Ramsey, 931 S.W.2d at 531.

---

[2] Indeed, our decisions have emphasized that foreseeability is essential in analyzing the duty and causation elements of a negligence claim. See, e.g., McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995) (stating that there is a duty to "act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm").

[3] Prior to Thurman, however, an unpublished Court of Appeals' decision had held that a plaintiff must establish a close relationship to state a claim for the negligent infliction of emotional distress. See Browning v. Vandergriff, No. E1999-02711-COA-R3-CV (Tenn. Ct. App. E.S., Jan. 22, 2001).

Second, a review of Camper v. Minor shows that we remanded the plaintiff's claim for negligent infliction of emotional distress for the application of general negligence principles even though the plaintiff in that case had no relationship to the injured party. Camper, 915 S.W.2d at 446. Indeed, similar to the present case, the plaintiff in Camper was the driver of a truck whose claim was based on mental harm suffered after seeing the dead body of an unrelated motorist who was killed in an accident. Id. at 439. In sum, there is simply no basis upon which to conclude that Ramsey, which was released only nine months after Camper by the same Court, adopted without comment an entirely new element for stating a claim of negligent infliction of emotional distress.

Finally, we observe that courts in other jurisdictions have encountered numerous obstacles when defining a "relationship" for negligent infliction of emotional distress cases and in applying that element to myriad cases involving relatives by blood, relatives by marriage, co-habitants, friends, and acquaintances.[4] As one commentator has said:

> Whatever the articulated relational standard, and however it may govern, courts willing to recognize the concept of a bystander's claim in a context narrower than a generally available right to sue for negligent infliction of emotional distress have no difficulty applying it where certain relationships inform the claim, such as parent, child, sibling, and spouse. The courts, however, seem to shrink from applying the concept to more remote relationships, even to those that are, potentially, as genuine and deep as those of parent, child, sibling, or spouse, but which have no special legal sanction or consanguineal affinity.

Howard H. Kestin, The Bystander's Cause of Action for Emotional Injury: Reflections on the Relational Eligibility Standard, 26 Seton Hall L. Rev. 512, 526-27 (1996) (emphasis added). Because of these interpretive problems, we believe that the better-reasoned approach, which is consistent with our previous decisions in Camper and Ramsey, is to hold that the presence or absence of a relationship between the plaintiff and an injured third party is relevant to the duty and causation elements of a negligent infliction of emotional distress claim, as well as to the question of damages, but is not dispositive of such a claim. See id. at 521 n.43 (discussing cases that have not adopted "relationship" as an element of negligent infliction of emotional distress claims).

In applying the foregoing principles, we conclude that the allegations in the plaintiffs' complaint, when taken as true, state a claim for negligent infliction of emotional distress. With regard to duty, which must be determined by the trial court as a matter of law, the complaint alleges sufficient facts for the court to conclude that the foreseeability and gravity of the potential harm to

---

[4] See Annotation, Relationship Between Victim and Plaintiff-Witness As Affecting Right to Recover Under State Law For Negligent Infliction of Emotional Distress Due to Witnessing Injury to Another Where Bystander Plaintiff Is Not Member of Victim's Immediate Family, 98 A.L.R. 5th 609 (2002) (discussing cases involving spouses, children, parents, grandparents, grandchildren, siblings, nieces and nephews, aunts and uncles, relations by marriage, step-children, unmarried co-habitants, friends, coworkers, and acquaintances, among others).

Cindy Lourcey outweighed the burden on Charles Scarlett to prevent the harm from occurring. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). Indeed, the complaint alleges that Scarlett spoke to Cindy Lourcey and implicitly requested help, that Scarlett knew that Lourcey was in close physical proximity, that Lourcey saw Scarlett shoot his wife, that Scarlett turned to face Lourcey, and that Scarlett shot himself in the head. See Ramsey, 931 S.W.2d at 531. In addition, with regard to causation, which must be determined by the trier of fact, these and other facts alleged in the complaint are sufficient to establish a claim that Cindy Lourcey suffered serious or severe mental injuries and that Charles Scarlett's conduct was the actual cause and the proximate cause of the injuries. See Camper, 915 S.W.2d at 446.

Accordingly, we conclude that the plaintiffs' complaint states a claim upon which relief may be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure for negligent infliction of emotional distress.

## CONCLUSION

After reviewing the record and applicable authority, we hold that the plaintiffs state a claim as required by Rule 12.02(6) of the Tennessee Rules of Civil Procedure for intentional infliction of emotional distress because Cindy Lourcey witnessed an "outrageous" act, i.e., the defendant's shooting of his wife and himself, and that the plaintiffs state a claim as required by Rule 12.02(6) of the Tennessee Rules of Civil Procedure for negligent infliction of emotional distress even though Cindy Lourcey was not related to the defendant or his wife. Accordingly, we affirm the Court of Appeals' judgment and remand this case to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to the defendant-appellant, Estate of Charles Scarlett, for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE