# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 6, 2005 Session

## SHIRLEY HALE v. ERWIN OSTROW, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. 302252     Rita L. Stotts, Judge**

---

**No. W2003-01256-SC-R11-CV - Filed July 1, 2005**

---

JANICE M. HOLDER, J., concurring and dissenting.

I agree with the majority opinion that the defendants owed a duty to the plaintiff and, viewing the evidence in the light most favorable to the plaintiff, that there are genuine issues of material fact as to cause in fact and proximate or legal cause. I continue, however, to adhere to my previous position that the majority's analysis blurs the line between duty and legal causation by improperly encouraging "the trial court to usurp the role of the jury in weighing the reasonableness of the defendant's conduct." Burroughs v. Magee, 118 S.W.3d 323, 339 (Tenn. 2003) (Holder, J., concurring and dissenting).[1]

As a question of law, the existence of a duty is to be determined by the trial court. Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 89 (Tenn. 2000). In this case, I would hold that the defendant had a duty to use reasonable care not to cause harm to pedestrians using the walkway. Burroughs, 118 S.W.3d at 338 ("There is a broad duty to exercise reasonable care to avoid causing foreseeable injury to others."). Once a duty of care is established, it is for the trier of fact to determine the existence of cause in fact and proximate cause as well as breach of duty and injury or loss. Lourcey v. Estate of Scarlett, 146 S.W.3d 48, 55-56 (Tenn. 2004) (Holder, J., concurring).

The analysis used by the majority to find a duty of care, however, requires the trial court to weigh the foreseeability and gravity of the potential harm against the burden of preventing the harm. In analyzing duty, the majority opinion states:

---

[1] See Lourcey v. Estate of Scarlett, 146 S.W.3d 48, 55-56 (Tenn. 2004) (Holder, J., concurring); Burroughs v. Magee, 118 S.W.3d 323, 338-39 (Tenn. 2003) (Holder, J., concurring and dissenting); Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 92-93 (Tenn. 2000) (Holder, J., concurring); Rice v. Sabir, 979 S.W.2d 305, 310-11 (Tenn. 1998) (Holder, J., dissenting); Coln v. Savannah, 966 S.W.2d 34, 46-47 (Tenn. 1998) (Holder, J., concurring).

1

It was entirely foreseeable that overgrown bushes emanating from the Ostrows' property which obstructed the sidewalk would impede pedestrians using the sidewalk. It was also foreseeable that a pedestrian would be forced to go around the obstruction, as Ms. Hale alleges that she was required to do here, and that the detour could result in an injury to the plaintiff. The burden in preventing the harm, however, was minimal — simply trimming or removing the bushes.

A jury must consider the same facts in determining proximate or legal causation. The majority's discussion of the issue of proximate or legal causation proves this point by essentially repeating its discussion of "duty":

It was entirely foreseeable that a pedestrian might trip and be injured, either by attempting to traverse the bushes or by going around them. Even though it might not have been foreseeable that a pedestrian would trip on broken concrete in going around the bushes, the injury was nevertheless of the type to be expected from permitting the bushes to overgrow the sidewalk.

The majority's duty analysis improperly "encompasses the weighing process that is normally reserved to the jury in negligence cases." Rice v. Sabir, 979 S.W.2d 305, 310 (Tenn. 1998) (Holder, J., dissenting). Further, this balancing test complicates the job of the trial judge by confusing the trial court's determination of the existence of a duty with the trier of fact's determination of whether a duty was breached. See Burroughs, 118 S.W.3d at 339.

I would not require a trial court to make a determination concerning foreseeability that is more properly left to a jury. I would hold, as a matter of law, that a property owner owes a duty to use reasonable care not to cause harm to pedestrians using the sidewalk in question. I would permit a jury to determine whether the landowner breached that duty and whether the actions of the pedestrian and her subsequent injuries were a reasonably foreseeable consequence of any breach of duty found by the jury.

_____
JANICE M. HOLDER, JUSTICE

2