### Jackson O'DELL, Jr.

v.

### Jackson C. O'DELL, III, et al.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

June 18, 2008 Session.

Aug. 21, 2008.

Permission to Appeal Denied by
Supreme Court Dec. 28, 2009.

J.D. Lee and Travis E. Venable, Knoxville, Tennessee for the Appellant, Jackson O'Dell, Jr.

L. Caesar Stair, III and C. Scott Taylor, Knoxville, Tennessee for the Appellees, Jackson C. O'Dell, III and Calvin David O'Dell.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Jackson O'Dell, Jr., ("Plaintiff") sued Jackson C. O'Dell, III and Calvin David O'Dell ("Defendants") alleging civil conspiracy and outrageous conduct. Defendants filed a motion to dismiss, which the Trial Court granted. Plaintiff appeals to this Court. We affirm the dismissal of Plaintiff's claims for civil conspiracy and outrageous conduct, but hold that Plaintiff did state a claim for alleged violations of the Tennessee Limited Liability Company Act, Tenn.Code Ann. § 48–201–101 *et seq.*

### Background

In 2001, O'Dell Farms, LLC ("the LLC") was formed having three members, Plaintiff and his two sons, Defendants. Originally, Plaintiff had 300 voting units and each Defendant had zero. Plaintiff later granted 100 of his voting rights to each Defendant so that Plaintiff and each Defendant now hold 100 voting rights apiece.

In October of 2006, Plaintiff sued Defendants, a number of other family members, and the LLC alleging claims for civil conspiracy and outrageous conduct. The named defendants jointly filed a motion to dismiss under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. After a hearing, the Trial Court entered an order dismissing all but

the two Defendants and allowing Plaintiff "to file additional facts and claims to support his claim for outrageous conduct or civil conspiracy against these two Defendants in their individual capacity and in their capacity as members of O'Dell Farms, LLC."

Plaintiff amended his complaint and Defendants filed another motion to dismiss under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. The Trial Court held a hearing and then entered an order on June 5, 2007 dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Tenn. R. Civ. P. 12.02(6). Plaintiff appeals to this Court.

### Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal: whether the Trial Court erred in granting Defendants' motion to dismiss.

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, in which our Supreme Court explained:

> A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). In considering this appeal from the trial court's

grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R.App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn.1996); *Cook, supra.*

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997).

Plaintiff's Amended Complaint alleges that Defendants conspired to deprive Plaintiff of property and his rights as a member of the LLC. In support of this claim, Plaintiff alleges, among other things, that certain documentation with regard to the LLC was not completed by Defendants or furnished to Plaintiff; that Plaintiff has not been notified of LLC meetings; that Plaintiff spent his own money on LLC business and Defendants claimed these payments as tax deductions for the LLC without consulting Plaintiff; that Defendants have withheld information regarding the LLC from Plaintiff; that Defendants closed certain LLC accounts and opened new ones; that Defendants have not assisted Plaintiff with the day-to-day operations of the LLC; that Defendants have removed LLC property without Plaintiff's permission; that Defendants have "intimidated the Plaintiff to ensure that farming deadlines, such as finishing the hay, would be completed;" and that one of the Defendants came to Plaintiff's residence and "verbally assaulted" Plaintiff with regard to the LLC.

Plaintiff's Amended Complaint attempts to assert a cause of action for outrageous conduct. With regard to this tort, our Supreme Court has instructed:

> We first recognized the tort of outrageous conduct in *Medlin v. Allied Inv. Co.*, 217 Tenn. 469, 398 S.W.2d 270, 274 (Tenn.1966), where we adopted the language of the Restatement (Second) of Torts, section 46, which provided: "One

who by extreme and outrageous conduct ... causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm [to the other] results from it, for such bodily harm."

To state a claim for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) the defendant's conduct resulted in a serious mental injury to the plaintiff. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997).

In describing these elements, we have emphasized that it is not sufficient that a defendant "has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress." *Id.* (citations omitted). A plaintiff must in addition show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn.1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

*Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn.2004).

■ Even taking all of the allegations in Plaintiff's Amended Complaint as true and construing the complaint liberally in favor of Plaintiff, as we must at this stage, we agree with the Trial Court and hold that Plaintiff failed to state a cause of action for outrageous conduct. None of the acts of which Plaintiff complains, either individually or taken together, even begin to rise to the level of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utter-

ly intolerable in a civilized community." *Id.* Rather, Defendants' actions of which Plaintiff complains are the same types of acts that occur in virtually every dispute that arises between members of a LLC. The fact that Plaintiff and Defendants are family members does not make these claimed acts any more or less outrageous than if Plaintiff and Defendants were not related. Plaintiff's Amended Complaint fails to state a cause of action for outrageous conduct.

■ Plaintiff's Amended Complaint also attempts to state a cause of action for civil conspiracy. As this Court explained in *Kincaid v. SouthTrust Bank:*

The elements of a cause of action for civil conspiracy are: (1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury. *Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d 704, 720 (E.D.Tenn.2001). Conspiracy claims must be pled with some degree of specificity. *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn.Ct.App.2002) (citing *Haynes v. Harris*, No. 01A01–9810–CV–00518, 1999 WL 317946, at *2 (Tenn.Ct.App. 1999)) (citations omitted). Conclusory allegations, however, unsupported by material facts will not be sufficient to state such a claim. *Id.*

*Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn.Ct.App.2006).

■ Once again taking all of the factual allegations in Plaintiff's Amended Complaint as true and construing the Amended Complaint liberally in favor of Plaintiff, as we must at this stage, we agree with the Trial Court and hold that Plaintiff failed to state a cause of action for civil conspiracy. None of Defendants' actions of which Plaintiff complains, either individually or taken together, even remotely constitute

either an unlawful purpose or unlawful means. Plaintiff failed to state a cause of action for civil conspiracy.

 Plaintiff argues on appeal that his Amended Complaint states a cause of action for alleged violations of the Tennessee Limited Liability Company Act, Tenn. Code Ann. § 48–201–101 *et seq.* Although inartfully pled, Plaintiff's Amended Complaint, liberally construed, alleges potential violations of the Tennessee Limited Liability Company Act for such alleged actions as failure to complete and provide to Plaintiff documentation and failure to provide notice of meetings, among other things. Taking all of the factual allegations in Plaintiff's Amended Complaint as true and construing the complaint liberally in Plaintiff's favor, as we must, we hold that Plaintiff has stated, however barely, a cause of action for alleged violations under the Tennessee Limited Liability Company Act sufficient to survive a motion to dismiss under Tenn. R. Civ. P. 12.02(6).

### Conclusion

The judgment of the Trial Court dismissing Plaintiff's claims for outrageous conduct and civil conspiracy is affirmed, and we further hold that Plaintiff's Amended Complaint states a cause of action for alleged violations under the Tennessee Limited Liability Company Act, Tenn.Code Ann. § 48–201–101 *et seq.*, sufficient to withstand a Rule 12.02(6) motion to dismiss. This cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed one-half against the Appellant, Jackson O'Dell, Jr. and his surety, and one-half against the Appellees, Jackson C. O'Dell, III and Calvin David O'Dell.