FILED
02/20/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 12, 2019 Session

## TIMOTHY J. PAGLIARA v. MARLENE MOSES ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 18C2241      Ross H. Hicks, Judge**

_____

### No. M2018-02188-COA-R3-CV
_____

Timothy J. Pagliara ("Plaintiff") filed suit against Marlene Moses and MTR Family Law, PLLC (collectively, "Defendants"), alleging malicious prosecution, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants filed a motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02(6), which the Trial Court granted. Plaintiff timely appealed to this Court. Discerning no reversible error, we affirm the Trial Court's dismissal of Plaintiff's claims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Eugene N. Bulso, Jr., and Paul J. Krog, Nashville, Tennessee, for the appellant, Timothy J. Pagliara.

Winston S. Evans, Nashville, Tennessee, for the appellees, Marlene Moses and MTR Family Law, PLLC.

**OPINION**

**Background**

In August 2018, Plaintiff filed a complaint against Defendants, alleging negligent infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy, and malicious prosecution. Plaintiff's complaint alleges the key facts in this case. For purposes of this appeal of a Rule 12.02(6) dismissal, we must treat those alleged facts as true. Plaintiff and his wife ("Wife") were married in July 2015.[1] Plaintiff and Wife began dating prior to January 2013. In January 2013, Wife and another man met at a hotel, "used Ecstasy and engaged in sexual relations," and videotaped their encounter.

In September 2016, the wife of the man on the video discovered the videotape. The man's wife thereafter forwarded the "full high-definition videotape" to Plaintiff via "Dropbox." She also sent him a fifteen-second "snippet" of the videotape via text message, as well as a "bondage photograph" reflecting Wife with her hands bound behind her with a neck tie. Plaintiff was on a business trip in San Diego, California when he received these images. Plaintiff forwarded the fifteen-second "snippet" and the "bondage photograph" to close friends of him and Wife, in part, "to help him understand and process these materials."

According to Plaintiff's complaint, the video and photograph caused discord in his marriage. Wife filed a complaint for divorce against Plaintiff in the Williamson County Chancery Court. Defendants represented Wife in the divorce proceedings.

After learning of the videotape, Wife sought to have criminal charges brought against the man's wife for forwarding the images to Plaintiff. Subsequently, Wife inquired with Ms. Moses whether Wife should file a police report against Plaintiff for forwarding the images to their close friends. This inquiry was made during a meeting at MTR Family Law, PLLC's office in the presence of a third party. According to Plaintiff's complaint, Wife's financial prospects were limited in the divorce proceeding due to an antenuptial agreement. Plaintiff's complaint alleges that Ms. Moses responded to Wife's inquiry that "filing criminal charges seemed to be the only way to obtain leverage over Plaintiff." After rendering this legal advice to Wife, Ms. Moses provided Wife with the name of her son-in-law, a criminal defense attorney.

---

[1] Plaintiff's wife is not a party to this proceeding. Although it is unclear whether they remained married at the time of this proceeding, the parties referred to her as "Wife" for purposes of the November 2018 motion hearing. We also will refer to her as "Wife" for purposes of this Opinion.

When this discussion transpired, Wife and Ms. Moses "were well aware that Plaintiff is a prominent financial advisor in Middle Tennessee" and that Plaintiff's investment advisory firm was registered with the Securities Exchange Commission (SEC) and the Financial Industry Regulatory Authority (FINRA). Plaintiff alleged that "FINRA Rule 8312 requires registered representatives, like Plaintiff, to disclose on Form U4 prior felony and misdemeanor criminal convictions" and that Ms. Moses and Wife pursuing criminal charges to obtain leverage against Plaintiff was "outrageous."

According to the complaint, Wife thereafter contacted the Franklin Police Department to file a report regarding Plaintiff's action of forwarding the images and sought to initiate a criminal proceeding against him. Wife met with two police officers and described that she was devastated by Plaintiff's action of forwarding the images to their close friends. According to Plaintiff's complaint, Wife failed to disclose to the officers that "she had used the illegal narcotic Ecstasy just prior to making the sex tape," that the man in the video was married during "the illicit sexual encounter, that Plaintiff was himself 'devastated' to have received such materials, and that she was pursuing criminal charges against Plaintiff to obtain 'leverage' in a pending divorce action." Wife later returned to the Franklin Police Department to provide a videotaped interview. During that interview, Wife inquired of potential punishment if Plaintiff were convicted of criminal charges and stated that she hoped Plaintiff would not get probation.

In May 2017, Plaintiff also participated in a videotaped interview at the Franklin Police Department. According to Plaintiff's complaint, the police officers informed Plaintiff that he had been accused of committing the crime of "unlawful exposure" in violation of Tennessee Code Annotated § 39-17-318(a), which Plaintiff described as "Tennessee's 'revenge porn' statute." According to Plaintiff, that statute was not relevant to him because he was not a party to the videotape or photograph and he had not agreed to keep the images private all as required for that statute to apply. As such, Plaintiff alleged that "no probable cause existed, or could exist, to justify [Wife's] claim that Plaintiff violated Section 39-17-318(a), or any other statute known to Tennessee criminal jurisprudence." Plaintiff attached to his complaint the incident report from the Franklin Police Department, which reflected Plaintiff as the suspect and the criminal offense as "Pornography/Obscene Material," pursuant to Tennessee Code Annotated § 39-17-902.

Plaintiff alleged that he was forced to retain counsel to represent him in defending against the criminal charge. Plaintiff's counsel advised the district attorney's office of the deficiencies in the prosecution and that venue was not appropriate in Williamson County because the message containing the images had been sent by Plaintiff while in San Diego, California to friends in Nashville, Tennessee. The Franklin Police Department transferred the case to the "Domestic Violence Unit of the San Diego Police Department." Plaintiff further alleged that Wife continued to pursue criminal charges

against Plaintiff and filed a police report with the San Diego Police Department. According to Plaintiff's complaint, the San Diego Police Department closed their case "but not until after Plaintiff had incurred significant legal expense and suffered severe emotional distress." Plaintiff alleged that the case was closed, at least in part, because "Plaintiff did not violate any applicable criminal law."

As a result of the foregoing alleged facts, Plaintiff asserts the following claims for relief in his complaint: (1) malicious prosecution, (2) civil conspiracy, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. Following the filing of Plaintiff's complaint, Defendants filed a motion to dismiss for failure to state a claim, pursuant to Tennessee Rule of Civil Procedure 12.02(6). Plaintiff filed his response to Defendants' motion to dismiss, to which Defendants replied. The Trial Court heard oral arguments on Defendants' motion to dismiss in November 2018 and took the matter under advisement. The Trial Court subsequently entered an order in December 2018 granting Defendants' motion and dismissing Plaintiff's claims.

In its judgment, the Trial Court explained as follows:

The question now before the Court is whether the aforesaid set of facts, when taken as true, states a claim or cause of action for intentional infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution or conspiracy against the Defendants. The Court finds that it does not.

The Trial Court found that a judicial proceeding had not been initiated against Plaintiff to support a claim for malicious prosecution. According to the Trial Court, Plaintiff had not been arrested, charged, or indicted and a mere investigation was not sufficient to constitute a criminal proceeding, as Plaintiff alleged. The Trial Court further found that it was not necessary to address whether probable cause existed to support a prosecution under either Tennessee Code Annotated § 39-17-318 or § 39-17-902 because "a prior suit or judicial proceeding" had not been instituted against Plaintiff under either of those statutes.[2] The Trial Court, thus, determined that Plaintiff had failed to sufficiently state a claim for malicious prosecution.

---

[2] Although the Plaintiff alleged a criminal proceeding under Tennessee Code Annotated § 39-17-318, the Trial Court found that the incident report prepared by the Franklin Police Department, which Plaintiff had attached to his complaint, reflected that Plaintiff was not being investigated for Tennessee Code Annotated § 39-17-318, but instead for § 39-17-902, which pertains to the production or distribution of obscene materials.

Concerning Plaintiff's claim of civil conspiracy, the Trial Court found that there was no "underlying wrongful conduct" and that no criminal process ever was initiated against Plaintiff. The Trial Court emphasized that Plaintiff had admitted to the actions that were the subject of the complaint to the police department. The Trial Court found that Ms. Moses's action of providing legal advice to her client of reporting truthful allegations to police "cannot possibly be construed as either malicious prosecution or civil conspiracy." Therefore, the Trial Court found that Plaintiff had failed to sufficiently state a claim for civil conspiracy.

The Trial Court further found that the conduct alleged in Plaintiff's complaint "cannot reasonably be regarded as 'so extreme and outrageous as to go beyond all possible bounds of decency, and to be regard[ed] as atrocious, and utterly intolerable in a civilized community.'" Quoting *Odom v. Claiborne Cty., Tennessee*, 498 S.W.3d 882, 887 (Tenn. Ct. App. 2016). As such, the Trial Court found that Plaintiff's complaint had failed to sufficiently state a claim for intentional infliction of emotional distress.

Additionally, the Trial Court found that the allegations in the complaint were "simply insufficient to create a duty on the part of the Defendants to Plaintiff, an adverse party in litigation." Thus, the Trial Court found that Plaintiff had failed to sufficiently allege a claim for negligent infliction of emotional distress. Upon its determination that Plaintiff's complaint had failed to state a claim for which relief could be granted, the Trial Court granted Defendants' motion to dismiss. Plaintiff timely appealed to this Court.

**Discussion**

Although not stated exactly as such, Plaintiff raises five issues for our review as follows: (1) whether the Trial Court failed to comply with Tennessee Rule of Civil Procedure 12.02(6) by treating the facts alleged in the complaint as true, (2) whether the Trial Court erred when it dismissed Plaintiff's claim for negligent infliction of emotional distress, (3) whether the Trial Court erred when it dismissed Plaintiff's claim for malicious prosecution, (4) whether the Trial Court erred when it dismissed Plaintiff's claim for intentional infliction of emotional distress, and (5) whether the Trial Court erred by dismissing Plaintiff's claim for civil conspiracy.

Regarding motions to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), our Supreme Court has instructed:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens*

*v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

First, we address whether the Trial Court properly construed the facts alleged in the complaint as true for purposes of the motion to dismiss. Plaintiff argues that the Trial Court "improperly construed portions of the Complaint in a light more favorable to the Defendant." In its order, the Trial Court explicitly stated that the question at issue was whether the facts alleged by Plaintiff, "when taken as true, states a claim or cause of action for intentional infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution or conspiracy against the Defendants." The Trial Court then determined that Plaintiff had failed to state a claim for which relief could be granted.

To support his argument, Plaintiff points to the Trial Court's conclusion that the criminal investigation into Plaintiff's conduct had concerned Tennessee Code Annotated § 39-17-902, instead of § 39-17-318 as alleged in Plaintiff's complaint. However, Tennessee Rule of Civil Procedure 10.03 provides that all exhibits attached to the complaint are to be considered part of the pleading, including for purposes of a motion to

dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6). *See Ragsdale v. City of Memphis*, 70 S.W.3d 56, 62 (Tenn. Ct. App. 2001). Plaintiff attached to his complaint as an exhibit the incident report from the Franklin Police Department concerning the investigation, which reflected an investigation pursuant to Tennessee Code Annotated § 39-17-902. The Trial Court did not err by considering the reference in the police report to Tennessee Code Annotated § 39-17-902 as the report is a part of Plaintiff's complaint for purposes of the Rule 12.02(6) motion. Although only persuasive authority, the Sixth Circuit Court of Appeals has held when addressing this issue that "'[w]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.'" *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (quoting *Williams v. CitiMortgage, Inc.*, 498 Fed. Appx. 532, 536 (6th Cir. 2012)) (other internal citations omitted). Because the Trial Court properly considered the attached exhibit as part of the complaint, the Trial Court did not err by deducing the criminal investigation was conducted pursuant to Tennessee Code Annotated § 39-17-902, instead of § 39-17-318.

Plaintiff further argues that the Trial Court "improperly treated the criminal allegations against the Plaintiff as reasonable." According to Plaintiff, the Trial Court could not have concluded that Plaintiff had violated either Tennessee Code Annotated § 39-17-318 or § 39-17-902 based on the facts in the petition. We note that although the Trial Court is required to take Plaintiff's factual allegations as true for purposes of a Tennessee Rule of Civil Procedure 12.02(6) motion, the Trial Court is not obligated to accept as true Plaintiff's legal conclusions or inferences drawn from those factual allegations. *See Riggs v. Burson*, 941 S.W.2d 44, 47-48 (Tenn. 1997). "[C]ourts are not required to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011). Upon a review of Plaintiff's complaint and the Trial Court's judgment, we determine that the Trial Court properly accepted the alleged facts in the complaint as true for purposes of the Rule 12.02(6) motion.

Next, we will address Plaintiff's issue of whether the Trial Court erred by dismissing Plaintiff's claim of malicious prosecution against Defendants for failure to state a claim upon which relief may be granted, pursuant to Tennessee Rule of Civil Procedure 12.02(6). "In order to establish the essential elements of malicious prosecution, a plaintiff must prove that (1) a prior suit or judicial proceeding was instituted without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor." *Roberts v. Fed. Exp. Corp.*, 842 S.W.2d 246, 247-48 (Tenn. 1992).

One essential element of a malicious prosecution claim is that a "prior suit or judicial proceeding" be instituted against the plaintiff. *See id.*; *Ryerson v. Am. Sur. Co. of*

*New York*, 373 S.W.2d 436, 437 (Tenn. 1963) ("An action for malicious prosecution, by its very nature, must be brought with reference to some other judicial proceeding. Thus one of the essential allegations in an action for malicious prosecution is that a prior suit has been instituted."). Our Supreme Court subsequently held that a "'prior judicial proceeding' need not be conducted in a 'court' in the strict technical and legal sense; but that certain administrative proceedings are at least 'quasi-judicial' to the extent that they may be the basis for a malicious prosecution action, provided all the requisite elements of such an action are both alleged and proved." *Kauffman v. A. H. Robins Co.*, 448 S.W.2d 400, 403 (Tenn. 1969). Thereafter, the Supreme Court clarified the holding in *Kauffman* as follows: "[A]ny administrative tribunal or body duly established to conduct investigations or investigatory hearings and to make adjudicatory findings that may adversely affect legally protected interests of persons subject to its jurisdiction will satisfy the first element of a malicious prosecution action." *Lewis v. Allen*, 698 S.W.2d 58, 60 (Tenn. 1985).

As the Trial Court found, the present case yielded no criminal proceeding against Plaintiff. Plaintiff stated in his complaint that Defendants provided Wife legal advice to initiate a "criminal proceeding" against him to obtain leverage. Whether a process or action constitutes a judicial proceeding for purposes of malicious prosecution is a legal conclusion or argument couched as a fact, which the Trial Court is not required to take as true for purposes of the Rule 12.02(6) motion. Wife, after receiving legal advice from Ms. Moses, consulted law enforcement concerning Plaintiff's action of forwarding the video and photograph to other individuals. An investigation was conducted which did not result in an arrest, criminal charges, or an indictment.

A criminal investigation by law enforcement is neither a judicial proceeding nor a quasi-judicial administrative proceeding with the authority "to make adjudicatory findings that may adversely affect legally protected interests of persons subject to its jurisdiction." *See Lewis*, 698 S.W.2d at 60. A criminal investigation by law enforcement, without a subsequent prosecution, does not have an adjudicatory function. The facts stated in Plaintiff's complaint simply do not support that a judicial proceeding, criminal or otherwise, ever was initiated against him following the investigation by law enforcement. Because no "prior suit or judicial proceeding" was instituted against Plaintiff, he cannot satisfy an essential requirement for malicious prosecution. Therefore, we find and hold, as did the Trial Court, that Plaintiff's claim of malicious prosecution should be dismissed for failure to state a claim, pursuant to Tennessee Rule of Civil Procedure 12.02(6).

Next, we will address Plaintiff's issue of whether the Trial Court erred by dismissing Plaintiff's claim of civil conspiracy against Defendants for failure to state a claim upon which relief may be granted, pursuant to Tennessee Rule of Civil Procedure

12.02(6). "The elements of a cause of action for civil conspiracy are: (1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006). This Court also has stated as follows:

> A claim for civil conspiracy "requires an underlying predicate tort allegedly committed pursuant to the conspiracy." *Watson's Carpet & Floor Coverings, Inc. v. McCormick,* 247 S.W.3d 169, 180 (Tenn. Ct. App. 2007). Conspiracy, standing alone, is not actionable where the underlying tort is not actionable. *Id.* at 179-80.

*Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010). Therefore, "there is no liability under a theory of civil conspiracy unless there is underlying wrongful conduct." *Levy v. Franks*, 159 S.W.3d 66, 82 (Tenn. Ct. App. 2004).

In this case, Plaintiff's conduct was investigated concerning criminal allegations made to law enforcement by Wife. Wife inquired of her attorney, Ms. Moses, concerning whether Wife should file a police report concerning Plaintiff's action of forwarding the video and photograph of her to other individuals. According to Plaintiff's complaint, Ms. Moses instructed Wife that "filing criminal charges seemed to be the only way to obtain leverage over Plaintiff." Ms. Moses referred Wife to a criminal defense attorney, who was related to Ms. Moses. Wife subsequently consulted law enforcement and a criminal investigation was initiated concerning Plaintiff's conduct. Plaintiff never was arrested and no criminal charges or an indictment were filed against Plaintiff resulting from the investigation. Based on the factual allegations in the complaint, there was neither concerted action to accomplish an unlawful purpose nor a design to accomplish a lawful purpose by unlawful means. The Trial Court found that there was no underlying wrongful conduct by Defendants to support a claim of civil conspiracy. We agree with the Trial Court.

We note that Tennessee Supreme Court Rule 8, Rule of Professional Conduct 4.4 prohibits an attorney, while representing a client, from threatening to pursue criminal charges against an individual in order to obtain an advantage in a civil matter. However, this Court questions whether consulting with law enforcement as opposed to threatening to so consult could ever be a means to gain an advantage in another matter. It is the threat of going to the police that might be used to gain an advantage in a civil matter. Once Wife contacted law enforcement and provided them with information, the matter was in the hands of law enforcement, not Wife or Defendants. We fail to see how contacting law enforcement rather than threatening to contact law enforcement could give Wife and Defendants an advantage in the pending divorce proceedings.

We find and hold that Ms. Moses's actions, as alleged in the complaint, are not sufficient to support a claim of civil conspiracy. Even when taken as true and construing the complaint liberally in favor of Plaintiff, the allegations in Plaintiff's complaint are not sufficient to constitute underlying tortious behavior as required for a civil conspiracy claim. As the Trial Court found, Plaintiff had admitted to his conduct of forwarding the video and photo to his close friends as a way "to help him understand and process these materials." Ms. Moses cannot be held liable under a claim for civil conspiracy based on her actions of providing legal advice instructing her client to provide truthful facts to law enforcement and referring her client to a criminal defense attorney. Because Ms. Moses's alleged conduct is not actionable, the claim of civil conspiracy is not actionable. We therefore find and hold, as did the Trial Court, that Plaintiff has failed to state a claim for civil conspiracy for which relief can be granted.

We next address whether the Trial Court erred by dismissing Plaintiff's claim of intentional infliction of emotional distress. "The elements of an intentional infliction of emotional distress claim are that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012). As to whether conduct is "so outrageous" to satisfy element (2), this Court has explained:

> When determining whether particular conduct is so outrageous that it is not tolerated by civilized society, "the test often used by our courts is the one found in the Restatement (Second) of Torts § 46 comment d (1964)." *Alexander v. Inman*, 825 S.W.2d 102, 105 (Tenn. Ct. App. 1991). Comment d states that,
>
>> [t]he cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. *Liability has been found only where the conduct has been so outrageous, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . .*

- 10 -

Restatement (Second) of Torts § 46 cmt. d (emphasis added and internal citation omitted).

*Odom v. Claiborne Cty., Tennessee*, 498 S.W.3d 882, 887 (Tenn. Ct. App. 2016). Additionally, "it is not sufficient that a defendant 'has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress.'" *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004) (quoting *Bain v. Wells*, 936 S.W.2d 618, 622-23 (Tenn. 1997)).

Plaintiff argues on appeal that the Trial Court erred by determining that Ms. Moses's conduct was not, as a matter of law, sufficiently outrageous to support Plaintiff's claim for intentional infliction of emotional distress. Plaintiff contends that whether Ms. Moses's conduct was sufficiently outrageous is a question of fact for the jury. However, even when taking the facts in the complaint as true and construing the complaint liberally in favor of Plaintiff, Ms. Moses's conduct does not rise to the level of outrageous conduct that would support a claim for intentional infliction of emotional distress. Even assuming Ms. Moses's motive was to gain an advantage in some way in the divorce action, Ms. Moses's conduct of informing Wife that Plaintiff's actions of forwarding the video and photograph might be criminal, instructing Wife that she could file a truthful report with law enforcement, and referring her to a criminal defense attorney are not "so outrageous, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." As such, we find and hold, as did the Trial Court, that Plaintiff failed to sufficiently state a claim in his complaint for intentional infliction of emotional distress. We, therefore, affirm the Trial Court's judgment in this regard.

Next, we address whether the Trial Court erred in dismissing Plaintiff's claim for negligent infliction of emotional distress. "The elements of a claim for negligent infliction of emotional distress include the elements of a general negligence claim, which are duty, breach of duty, injury or loss, causation in fact, and proximate causation." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012). The plaintiff must also prove that the defendant's negligence caused the plaintiff "serious or severe emotional injury." *Id.* Assuming for present purposes that Defendants owed a duty to Plaintiff, the facts alleged by Plaintiff in the complaint, when taken as true, do not support that any such duty was breached by Defendants when Ms. Moses provided legal advice to Wife that Plaintiff's conduct could be criminal, instructed her to file a police report concerning conduct by Plaintiff that he has admitted is true, and referring her to a criminal defense attorney, even if Ms. Moses's motive was to obtain some sort of advantage in some unknown way in the divorce action as Plaintiff had alleged.

- 11 -

Although the Trial Court dismissed Plaintiff's claim for negligent infliction of emotional distress upon finding that Defendants owed no duty to Plaintiff, we determine that it is not necessary to address whether Defendants owed a duty to Plaintiff because Ms. Moses's actions did not constitute a breach of any duty Defendants might have owed. As such, we affirm the Trial Court's judgment granting Defendants' motion to dismiss Plaintiff's claim for negligent infliction of emotional distress for failure to state a claim upon which relief can be granted.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Timothy J. Pagliara, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE