# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### October 1, 2003 Session

# GINNIE LEACH and J.T. HILL, JR. v.
# TIM TAYLOR and LARRY TAYLOR, individually and doing business as HUNT FUNERAL HOME

**Appeal by permission from the Court of Appeals**
**Circuit Court for Gibson County**
**No. 7852     Clayburn Peeples, Judge**

---

**No. W2002-01091-SC-R11-CV - Filed January 20, 2004**

---

We granted permission to appeal in this case to determine whether the Court of Appeals erred in holding that the complaint failed to state a claim for intentional infliction of emotional distress. We also consider Defendants' contention that the Court of Appeals erred in holding that Plaintiffs' cause of action was not time-barred because the discovery rule applies to this case. We hold that Plaintiffs' complaint is sufficient to state a claim for intentional infliction of emotional distress. The complaint alleges all the elements of the cause of action. We also hold that the discovery rule tolled the statute of limitations in this case. Plaintiffs could not have been expected to know, in the exercise of reasonable diligence, that Defendants' alleged statements were false, and therefore could not have been expected to know that an injury had occurred because of the false statements. Accordingly, the holding of the Court of Appeals is affirmed in part and reversed in part, and this case is remanded to the trial court.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Affirmed in Part; Reversed in Part; and Remanded to the Trial Court**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Michael Ernest Evans, Nashville, Tennessee, for the appellants, Tim Taylor and Larry Taylor, individually and doing business as Hunt Funeral Home.

1

Joseph Ray Taggart, Jackson, Tennessee, for the appellees, Ginnie Leach and J.T. Hill, Jr.

**OPINION**

**Factual and Procedural Background**

J.T. Hill, Sr. ("Mr. Hill") died in 1997. His children, Ginny Leach and J.T. Hill, Jr., ("Plaintiffs") signed a consent form allowing for donation and/or harvesting of particular organs including his spleen, kidney, liver, and lymph nodes. Plaintiffs made funeral arrangements for their father with Hunt Funeral Home. Plaintiffs allege that after the embalming of Mr. Hill's body, funeral directors, Tim and Larry Taylor, ("Defendants") made several very upsetting statements concerning the condition of Mr. Hill's body. In particular, Plaintiffs' complaint alleged that Defendants stated:

> 1. That their father [Mr. Hill] was "in terrible shape" causing them to have difficulty with the embalming process;
> 2. That Mr. Hill, Sr.'s breast bone had been broken and not put back together and that "everything was gone;"
> 3. That [Defendants] did not see the heart or lungs; that the chest cavity was empty;
> 4. That "they [donor services] even took his private parts;"
> 5. That all of [Mr. Hill's] arteries and veins had been left open, i.e., "not tied off" by hospital personnel;
> 6. That [Defendants] were forced to treat [the body] as an autopsy case due to the condition of his body;
> 7. That the autopsy-style embalming process required [Defendants] to use the individual veins in [Mr. Hill's] arms, legs, and neck;.
> 8. That [Defendants] had to fill his chest cavity with bags of sawdust to [replace] the missing organs.

After hearing these statements, Plaintiffs believed that the hospital and/or donor services had exceeded the scope of the donation consent and had mutilated Mr. Hill's body. Plaintiffs brought suit against all medical entities involved in the harvesting of the organs. Plaintiffs' attorney interviewed Defendants during this litigation, and Defendants did not correct or disavow the foregoing statements. In October of 1999, Mr. Hill's body was disinterred, and an autopsy was performed. The autopsy revealed that Defendants' alleged statements were false - the organ harvesting had been properly performed and all organs other than those included in the donation consent were present. As a result, Plaintiffs dismissed their suit against the medical entities.

Plaintiffs then brought a claim against Defendants for negligent and intentional infliction of emotional distress and outrageous conduct on June 15, 2000. This action was non-suited in the spring of 2001, and another action was brought on January 9, 2002, again claiming negligent infliction of emotional distress, intentional infliction of emotional distress, and outrageous conduct stemming from Defendants' statements about the condition of Mr. Hill's body.

2

Defendants filed a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, arguing that the suit was untimely filed and that the complaint failed to state a claim upon which relief can be granted. The trial court granted Defendants' motion. The Court of Appeals affirmed the trial court's dismissal. The intermediate court concluded that the discovery rule applied in this case and that Plaintiffs' action had been timely filed. Nonetheless, the Court of Appeals upheld the dismissal, explaining that the allegations of the complaint failed to state a cause of action for either intentional infliction of emotional distress or negligent infliction of emotional distress. Plaintiffs filed an application for permission to appeal in this Court, and the application was granted.[1]

## Standard of Review

A Rule 12.02(6) motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but it asserts that the allegations fail to establish a cause of action. See, e.g., Stein v. Davidson Hotel Co., 945 S.W.2d 714, 716 (Tenn. 1997). When reviewing a dismissal of a complaint under Rule 12.02(6), this Court must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions de novo without any presumption of correctness. White v. Revco Disc. Drug Ctrs, Inc., 33 S.W.3d 713, 718 (Tenn. 2000).

## Analysis

### Statute of Limitations

As a threshold matter, we address Defendants' argument that Plaintiffs' claim is time-barred because the discovery rule does not apply to toll the statute of limitations in this case.

In support of this argument, Defendants rely upon Quality Auto Parts Co. v. Bluff City Buick Co., 876 S.W.2d 818 (Tenn. 1994) ("Quality Auto"), in which this Court considered whether the discovery rule applies to slander actions. In that case, we explained that the discovery rule:

> provides that the statute of limitations begins to run when the injury is discovered, or in the exercise of reasonable care and diligence, the injury should have been discovered. The rule responds to the unfairness of "requiring that he [a plaintiff] sue to vindicate a non-existent wrong, at a time when injury is unknown and unknowable...."
>
> In contrast to the rationale for the discovery rule are policy reasons for the development of statutes of limitations to ensure fairness to the defendant by preventing undue delay in bringing suits on claims, and by preserving evidence so that facts are not obscured by the lapse of time or the defective memory or death of a witness."

---

[1] In this Court, Plaintiffs do not challenge the Court of Appeals' conclusion that the complaint fails to state a claim for negligent infliction of emotional distress.

Id. at 820 (quoting Teeters v. Currey, 518 S.W.2d 512, 515 (Tenn. 1974)).

We emphasized that "[w]hen determining whether to apply the discovery rule, this court considers the specific statutory language at issue, and balances the policies furthered by application of the discovery rule against the legitimate policies upon which statutes of limitations are based." Id. Using this analysis, we held in Quality Auto that the discovery rule may not be applied to extend the six-month statute of limitations for slander actions. In so holding, we noted that the injury to reputation is complete at the moment the slanderous words are uttered, and that policies of preventing stale claims and preserving evidence, upon which statutes of limitations are based, are especially applicable to slander actions because of the intangible nature of the evidence and the injury. Id. at 822.

In this appeal, Defendants urge this Court to extend the rationale of Quality Auto and hold that the discovery rule does not apply to cases involving false oral statements. We decline to do so. When we balance the policies furthered by application of the discovery rule in this case against the legitimate policies upon which the statute of limitations is based, we find that the application of the discovery rule is appropriate. As noted in Quality Auto, slander actions are governed by a six-month statute of limitations which expressly declares that the time for filing suit begins to run at the moment the words are uttered. Tenn. Code Ann. § 28-3-103 (2000). This shortened, specific limitations period reflects the legislature's judgment that special circumstances surround a claim for slander that call for a shorter limitations period than most other torts. In contrast, intentional infliction of emotional distress is a personal injury tort, governed by the general one-year statute of limitations. Tenn. Code Ann. § 28-3-104 (2000). There is no language in this statute of limitations precluding application of the discovery rule. Indeed, the discovery rule is routinely applied to determine when a cause of action accrues under this statute. See Lane-Detman, L.L.C. v. Miller & Martin, 82 S.W.3d 284, 294 (Tenn. Ct. App. 2002), Miller v. Niblack, 942 S.W.2d 533, 540 (Tenn. Ct. App. 1996), Gosnell v. Ashland Chem., Inc., 674 S.W.2d 737, 739 (Tenn. Ct. App. 1984). Furthermore, unlike slander, the nature of the elements of the tort of intentional infliction of emotional distress do not militate against application of the discovery rule. Finally, from the record on appeal, it does not appear that the facts of this particular case make the application of the discovery rule unjust. Defendants were aware of Plaintiffs' initial lawsuit against the medical entities and that Plaintiffs were relying on the truth of Defendants' statements in that action. There is simply no basis for holding that the discovery rule does not apply as a matter of law in this case.

Defendants alternatively argue that the action is untimely, even applying the discovery rule, because Plaintiffs should have discovered the injury much earlier than the date of the autopsy. Defendants assert that Plaintiffs should not have relied upon the statements of Defendants, funeral directors who should not be required to give a description in perfect detail of the internal condition of a body. We disagree. As funeral directors, Defendants were in a position to be familiar with the condition of the body. There was no reason for Plaintiffs to suspect that the statements were false. Furthermore, we will not impose a duty upon grieving family members to inspect a loved one's body in order to verify a funeral director's statements. We agree with the Court of Appeals on this point,

that:

> Short of holding that the Plaintiffs should have automatically distrusted Tim and Larry Taylor, or that the Plaintiffs should have known by some instinct or power that these businessmen, whom the Plaintiffs had known for some time and with whom they had previously conducted business, were not forthright, there is nothing in the record before us to indicate that the Plaintiffs knew or should have known that the statements were false until the autopsy results of October 4, 1999.

Indeed, Plaintiffs's complaint alleges that "[t]he nature of the Defendants' conduct was not discovered until an autopsy was performed in October 1999, when it was apparent that the Defendants' acts and allegations were false and outrageous." Therefore, we hold that this case is appropriate for application of the discovery rule and that Plaintiffs have alleged sufficient facts implicating the discovery rule to avoid dismissal based on the statute of limitations.

*Sufficiency of Complaint*

We outlined the three elements that a plaintiff must allege to make a prima facie showing of intentional infliction of emotional distress in Bain v. Wells, 936 S.W.2d 618 (Tenn. 1997). "[U]nder Tennessee law, there are three essential elements to a cause of action: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury." Id. at 622.

As to the second element, we noted in Bain that Tennessee has adopted the definition of outrageous conduct given in the Restatement (Second) of Torts:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

5

Id. at 623.

The question before us is whether Plaintiffs' complaint alleges these three elements and so states a cause of action for intentional infliction of emotional distress. The Court of Appeals found, as a matter of law, that Defendants' alleged statements could amount to "conduct so outrageous that it is not tolerated by a civilized society" only if Defendants knew that the statements were false at the time they uttered them. Therefore, the Court of Appeals examined the complaint to determine whether Plaintiffs had so alleged. Concluding that Plaintiffs' complaint had not alleged knowing falsity, the Court of Appeals affirmed the trial court's dismissal of the complaint. In this appeal, Plaintiffs' contend that their complaint does sufficiently allege knowing falsity.

Our previous decisions have set forth the standards to be used when examining a complaint to determine whether it will survive a motion to dismiss for failure to state a cause of action. A review of those decisions makes clear that a court should read the complaint with a generous eye. "While a complaint in a tort action need not contain in minute detail the facts that give rise to the claim, *it must contain 'direct allegations on every material point* necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested . . . by the pleader, *or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial*." Donaldson v. Donaldson, 557 S.W.2d 60, 61 (Tenn. 1977) (emphasis added). "As Rule of Civil Procedure 8.01 only requires that a complaint set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief,' *courts should liberally construe the complaint in favor of the plaintiff when considering a motion to dismiss for failure to state a claim.* Although allegations of pure legal conclusions will not sustain a complaint, *courts should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief*." White v. Revco Disc. Drug Ctrs., Inc. 33 S.W.3d 713, 718 (Tenn. 2000)(citations omitted) (emphasis added). "[W]e are required to construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true." Pursell v. First Am. Nat'l Bank, 937 S.W.2d 838, 840 (Tenn. 1996).

We have examined Plaintiffs' complaint, applying these guidelines, and conclude that the Court of Appeals erred in finding that Plaintiffs' complaint failed to allege an essential element of intentional infliction of emotional distress. The complaint alleges that "[t]he Defendants' acts were intentional, willful, wanton, or otherwise outside the bounds of common decency and constitute outrageous conduct." It is true that merely reciting the legal conclusion of "outrageous conduct" alone will not suffice. However, the only acts alleged in the complaint are the Defendants' false statements about the condition of Mr. Hill's body. Therefore, Plaintiffs have alleged that the uttering of false statements was "intentional, willful, wanton, or otherwise outside the bounds of common decency." The only reasonable inference to be drawn is that Defendants knew that the statements were false. Furthermore, we agree with the dissent in the Court of Appeals that some of the alleged statements concern matters about which Defendants necessarily knew the truth or falsity. "Even if it is assumed that some of the statements [] were the result of misunderstanding or lack of knowledge of the process of harvesting organs for transplant, the allegations included some statements about which there could be no misunderstanding. For example, the Defendants allegedly told Plaintiffs that

6

the medical personnel who harvested the organs 'even took his private parts.' If this statement was false, the Defendants, having embalmed the body, had to know it." Moreover, Defendants necessarily knew the truth or falsity of the statement regarding filling Mr. Hill's chest with sawdust. Construing the complaint liberally and taking the allegations as true, certainly an inference can fairly be drawn from this complaint that Plaintiffs will introduce evidence at trial that Defendants knew the statements were false. <u>Donaldson</u>, 557 S.W.2d at 61. Furthermore, we cannot say that it appears from the complaint that Plaintiffs can prove no set of facts in support of the claim that would entitle Plaintiffs to relief. <u>White</u>, 33 S.W.3d at 718. Therefore, the lower courts erred in granting Defendants' motion to dismiss.

## **<u>Conclusion</u>**

After examining this complaint in accordance with the liberal standards of our previous decisions, we find that Plaintiffs have alleged a cause of action for intentional infliction of emotional distress. In addition, we reject Defendants' arguments that the suit is time-barred. This case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed against Defendants. ___

_____

FRANK F. DROWOTA, III, CHIEF JUSTICE

7