IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 8, 2012 Session

## BEAL BANK, SSB v. DAVID AND CONNIE PRINCE

**Appeal from the Circuit Court for Lawrence County**
**No. CC189606      Stella L. Hargrove, Judge**

**No. M2011-02744-COA-R3-CV - Filed January 31, 2013**

Plaintiffs appeal the dismissal pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure of their claims for conspiracy, negligence, and negligent infliction of emotional distress arising from an alleged wrongful foreclosure. We affirm the trial court in all respects.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D BENNETT, J., joined.

Peter T. Skeie, Nashville, Tennessee, for the appellants, David and Connie Prince.

John A. Barney, Brentwood, Tennessee, for the appellees, Wilson & Associates, PLLC, Aaron Squyres and Leslie Garrett Sarver.

## OPINION

This appeal derives from a complicated procedural history that includes proceedings in state and federal trial courts and appellate courts. The underlying action arises from an alleged wrongful foreclosure of the residence owned by plaintiffs David and Connie Prince.[1] In January of 1995, the Princes took out a loan from the Small Business Administration secured by a Deed of Trust on their home. The Deed of Trust and the note was subsequently purchased by LPP Mortgage, who in turn assigned the servicing of the loan to Beal Bank, SSB. Beal Bank then contracted with Countrywide Home Loans to service the mortgage. In 2003, the Princes filed for Chapter 13 bankruptcy and received an order of the bankruptcy

---

[1]During the pendency of this action, Mrs. Prince passed away and her husband continued the action on behalf of her estate. A notice of substitution does not appear in the record. We will refer to David Prince and his late wife's estate herein as "the Princes."

court on December 15, 2003, discharging them from Chapter 13 bankruptcy. Subsequently, the Princes fell behind on their mortgage payments; they made only one payment from April 2004 to April 2005. The Princes received notice in April 2005 of impending foreclosure on their home. In May 2005, they made a lump sum payment to cure the deficit on their loan; despite this, foreclosure proceedings began in August 2005 and the house was sold at public auction in November 2005 by Aaron L. Squyres and Leslie Garrett Sarver, who work for the firm Wilson & Associates, PLLC, and were co-successor Trustees under the Deed of Trust.

The first of several actions that pertain, directly or indirectly, to the issues in this appeal began with Beal Bank filing a detainer action against the Princes in the Lawrence County General Sessions Court to evict the Princes from their residence following the foreclosure and sale. The detainer action was removed to the Lawrence County Circuit Court, where the Princes filed a counter-claim and a Third Party Complaint against Wilson & Associates, Squyres, and Sarver (collectively "the Wilson defendants"). The Princes subsequently amended their complaint and LPP Mortgage was permitted to intervene and be substituted as the real party in interest.[2] Thereafter, the action was removed to the United States Bankruptcy Court for the Middle District of Tennessee where a separate adversarial proceeding was occurring challenging the foreclosure of the home based on the prior Chapter 13 bankruptcy proceeding. The Princes then filed a Consolidated and Amended Complaint against the Wilson defendants before the bankruptcy court asserting causes of action for conspiracy, negligence, and negligent infliction of emotional distress. The Wilson defendants filed a motion to dismiss the claims against them and the motion was granted. The bankruptcy court also granted summary judgment to Countrywide, Beal Bank, and LPP on the state law claims. The Princes appealed to the U. S. District Court, which reversed the dismissal of the claims against the Wilson defendants and remanded the action back to the bankruptcy court. The district court affirmed the summary dismissal of the state law claims against the other defendants. The Princes then withdrew the claims based on federal law and the bankruptcy court remanded the action to the Lawrence County Circuit Court.

The Wilson defendants then filed a Motion to Enter a Final Order of Dismissal, or, in the alternative, to Dismiss the Consolidated and Amended Complaint for failure to state a claim. On November 4, 2011, the trial court entered a Memorandum Opinion dismissing the claims finding that the conspiracy claim was invalid as the claims against the other defendants had been dismissed, that the negligence and negligent infliction of emotional distress claims were indistinguishable from the original breach of fiduciary duty claim previously dismissed by the trial court, and that the negligent infliction of emotional distress claim failed as there was no greater duty than the contractual duties and David Prince could

---

[2]In the interim, the Wilson defendants filed a Motion to Dismiss, which the circuit court granted. The Princes appealed and this court dismissed the appeal upon the finding that no final order existed.

not prove a serious or severe emotional injury related to the action of the Wilson defendants. Thereafter, the court entered an order dismissing the action and the Princes filed a timely appeal.[3]

## ANALYSIS

On appeal, the Princes contend the trial court erred in dismissing their claims for negligence, negligent infliction of emotional distress, and conspiracy against the Wilson defendants. We find no error with the trial court's decision to dismiss these claims.

The standards by which Tennessee courts are to assess a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss are well established and have not changed since the adoption of the Tennessee Rules of Civil Procedure in 1970. *Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422 (Tenn. 2011).[4]

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp*., 308 S.W.3d 843, 851 (Tenn. 2010). A defendant who files a motion to dismiss "admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Brown v. Tenn. Title Loans, Inc*., 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)).
>
> In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp*., 232 S.W.3d 28, 31–32 (Tenn. 2007) (quoting *Trau–Med*, 71 S.W.3d at 696); *see Leach v. Taylor*, 124 S.W.3d 87, 92–93 (Tenn. 2004). A trial court should grant a

[3]In their brief, the Princes attempted to appeal from the order entered by the bankruptcy court granting summary dismissal to Countrywide Home Loans, Inc., Beal Bank, SSB, and LPP Mortgage. This court issued an order on August 1, 2012, dismissing the appeal as to the issues arising out of the federal court orders and the dismissing Countrywide, Beal Bank, and LPP Mortgage as parties to this appeal.

[4]In *Webb*, the Tennessee Supreme Court made it clear that the "plausibility" pleading standard set forth in the United States Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) is not to be followed by Tennessee courts. *Webb*, 346 S.W.3d at 430.

motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo. *Brown*, 328 S.W.3d at 855; *Stein*, 945 S.W.2d at 716.

*Webb*, 346 S.W.3d at 426 (some internal citations omitted).

With regard to the negligence claims, the allegations are that the Wilson defendants should have performed a reasonable review of the documents, which would have revealed that the Princes were not in default. Further, the Princes allege that the Wilson defendants should have exercised reasonable diligence in determining the veracity of the documents provided by LPP Mortgage and Countrywide. The Wilson defendants, however, correctly state that they had no such duty, relying on Tennessee Code Annotated § 35-5-116. The statute provides that "[a] trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the borrower or secured party or their respective attorney, agent, or representative, or other third party." *Id*. As the statute clearly and expressly provides, there is no liability for a trustee acting in good faith in reliance upon information provided by the borrower or secured party. There are no allegations that the Wilson defendants acted in bad faith when relying on the information provided by LPP Mortgage and Countrywide. We also note that there are no allegations in the Princes' complaint that the Wilson defendants violated the duties set forth in the Deed of Trust. Therefore, we affirm the trial court's dismissal of the negligence claim against the Wilson defendants.

A claim for negligent infliction of emotional distress requires a party to establish the elements of negligence. *Eskin v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008). As we have affirmed the trial court's dismissal of the claim for negligence, the Princes also failed to set forth a claim for negligent infliction of emotional distress. Thus, we affirm the trial court's dismissal of this claim.

We now turn our attention to the conspiracy claim. Conspiracy claims must be pled with some degree of specificity, and conclusory allegations unsupported by material facts will not be sufficient to state such a claim. *Id*. (citing *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002)). The essential elements of a cause of action for civil conspiracy are:

(1)  a common design between two or more persons,
(2)  to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means,

(3) an overt act in furtherance of the conspiracy, and

(4) resulting injury.

*Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006) (citing *Morgan v. Brush Wellman, Inc.*, 165 F. Supp.2d 704, 720 (E.D. Tenn. 2001)).

The relevant allegations against the Wilson defendants that are at issue in this appeal as stated in the lengthy Consolidated and Amended Complaint are as follows:

81.  If Leslie Garrett and Wilson & Associates had conducted a reasonable review of Countrywide's documents they would have determined that the Princes were not in default and that they did not owe $34,742.08.

94.  On October 7, 2005, LPP Mortgage and Countrywide appointed Aaron Squyres and Leslie Garrett of Wilson & Associates to serve as Trustees to the Deed of Trust to the Princes' property.

107.  On November 7, 2005, LPP Mortgage, Leslie Garrett and Aaron Squyres knew, or by exercise of reasonable diligence would have known, that the Princes were not in default.

185.  Beal Bank, Countrywide, LPP Mortgage, Garrett, Squyres, and Wilson & Associates worked together to coordinate the transfer of title to the Princes' home from Beal Bank to LPP Mortgage even though they knew that Beal Bank had no title to transfer. Accordingly, Defendants are liable to the Princes for conspiracy.

188.  All Defendants have been grossly negligent in the execution of their responsibilities and in the course of their conduct toward the Princes and the Princes' property. LPP Mortgage, Beal Bank and Countrywide failed in their duty to maintain accurate and truthful records of the Princes' mortgage payments. LPP Mortgage, Countrywide, Garrett, Squyres and Wilson & Associates failed in their duty to exercise reasonable diligence to determine the veracity of LPP Mortgage and Countrywide's erroneous documents. And, LPP Mortgage, Countrywide, Garrett, Squyres and Wilson & Associates failed in their duty not [to] use erroneous documents – whose lack of veracity would have been obvious had they exercised reasonable diligence – to foreclose on the Princes' home and sell it at public auction.

194. Medical proof establishes that David Prince has suffered severe emotional distress as a direct result of Defendants' negligence. Accordingly, Defendants are liable to David Prince for negligent infliction of emotional distress.

As noted earlier, conspiracy claims must be pled with some degree of specificity and conclusory allegations unsupported by material facts are not sufficient to state an actionable conspiracy claim. *Eskin*, 262 S.W.3d at 735. We have determined the civil conspiracy allegations in the complaint are little more than conclusory allegations that the defendants "worked together to coordinate the transfer of title"; thus, they are insufficient to state a claim for conspiracy. *See Kincaid*, 221 S.W.3d at 38.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellants.

_____
FRANK G. CLEMENT, JR., JUDGE