# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### December 13, 2012 Session

## BARRY RUSSELL, ET AL. v. HENDERSONVILLE UTILITY DISTRICT

### Appeal from the Chancery Court for Sumner County
### No. 2010C120      Tom E. Gray, Chancellor

---

### No. M2011-02728-COA-R3-CV - Filed March 20, 2013

---

Property owners sued utility district for damages and an injunction as a result of the excessive use of an easement across the property owners' land by the district's assignees. The utility district denied any wrongdoing and moved the trial court to dismiss the complaint. The trial court dismissed the complaint for failing to state a cause of action for which relief can be granted. The property owners appealed. We conclude the trial court erred in dismissing the property owners' complaint because the property owners have stated a cause of action for which relief can be granted. We therefore reverse the trial court's judgment and remand the case for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Devon Jeffrey Sutherland, Hendersonville, Tennessee, for the appellants, Barry Russell and Theda F. Russell.

Shelton Hatcher, Hendersonville, Tennessee, and Donald Lee Scholes, Nashville, Tennessee, for the appellee, Hendersonville Utility District.

## OPINION

### BACKGROUND

Barry and Theda F. Russell purchased a parcel of property in Hendersonville in 1996 (the "Property"). The Property was subject to an easement the Russells' predecessors had granted to Hendersonville Utility District ("HUD") in 1991. The easement is described in

a document entitled "Agreement of Dedication of Easements for Public Utility, Drainage, and Access Road Uses" (the "Agreement").

The Russells filed a complaint against HUD in June 2010 in which they stated the following:

4. Plaintiff would state that the "agreement" set forth in Exhibit A was solely for the purpose of access to and from a Water Reservoir maintained by the Hendersonville Utility District.

5. Plaintiff would state that the Water Reservoir was abandoned by the Hendersonville Utility District several years ago, however, they have maintained a monitoring station at said location.

6. Plaintiff would state that since abandoning the Water Reservoir, the Hendersonville Utility District has engaged in leasing the Water Reservoir to numerous telecommunication companies for the placement of various antennas, microwaves, etc. and in so doing Plaintiff would state that the use of the easement far exceeds the anticipated use of the easement.

7. Plaintiff would state that the excessive use of the easement by numerous company vehicles has caused damage to Plaintiff's property.

8. Plaintiff would state that the excessive use of the easement by companies not contemplated by the "agreement" has caused a diminished value to the Plaintiffs' property and interferes with the Plaintiffs' quiet enjoyment of the property.

9. Plaintiff would state that if the Defendant is not enjoined from leasing the abandoned Water Reservoir that Plaintiff will continue to suffer damages and their property value will be adversely affected.

The Agreement, which was attached to the complaint as an exhibit, grants HUD, its successors, and assigns certain easements across the Russells' property for the following purpose:

(1) to construct, maintain, repair, and otherwise construct and maintain the access road located within the boundaries of the easement applicable to an access road, (2) to construct, operate, maintain, repair, and replace public

utilities and similar improvements within the limits of the aforedescribed easements or rights-of-way and to grade the land located within the drainage easements so that water will flow across and through same.

HUD filed an Answer denying any wrongdoing. Several months later HUD filed a Motion for Declaratory Judgment in which it asked the trial court to dismiss the Russells' complaint. The trial court treated the motion as a Rule 12 motion to dismiss. Following a hearing in November 2011, the trial court entered an order dismissing the Russells' complaint. The court wrote:

Whereupon, the Court heard arguments of Counsel for both parties and determined that the Motion is well founded, wherefore:

IT IS ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion for a Declaratory Judgment is hereby granted inasmuch as the Complaint fails to state a ground upon which relief should be granted and the action is dismissed.

The Russells appeal the trial court's dismissal of their complaint.

## ANALYSIS

"A Rule 12.02(6) motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but it asserts that the allegations fail to establish a cause of action." *Leach v. Taylor*, 124 S.W.3d 87, 90 (Tenn. 2004) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997)). The motion challenges only the legal sufficiency of the complaint; it does not address the strength of the plaintiffs' proof. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (citing *Highwoods Props, Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009)). In ruling on a motion to dismiss, courts are to construe the complaint liberally, presume all factual allegations to be true, and give plaintiffs the benefit of all reasonable inferences. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)).

A complaint must include enough factual allegations to set forth a claim for relief, but it need not include detailed allegations of every fact giving rise to the claims. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010). Our Supreme Court has explained that although a complaint

need not contain in minute detail the facts that give rise to the claim, it must

-3-

contain direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested . . . by the pleader, or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.

*Leach*, 124 S.W.3d at 92 (citing *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977)).

In our review of a trial court's dismissal of a complaint under Rule 12.02(6), we must take the factual allegations stated in the complaint as true and review the trial court's legal conclusions *de novo* without any presumption of correctness. *Leach*, 124 S.W.3d at 90 (citing *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000)).

The Russells alleged in their complaint that HUD had abandoned the water reservoir and was leasing the reservoir to telecommunication companies, which use exceeded the anticipated use of the easement. The Russells further alleged the excessive use of the easement by the telecommunications companies' vehicles has caused damage to their property and has caused the value of their property to diminish. Finally, the Russells alleged the excessive use of the easement interferes with their quiet enjoyment of the property.

A review of the case law in Tennessee shows that the Russells have stated a cause of action based on the facts they allege in their complaint. As the Court of Appeals has explained,

The use of an easement must be confined strictly to the purposes for which it was granted or reserved. A principle which underlies the use of all easements is that the owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden.

. . . . [A]n easement appurtenant to a dominant tenement can be used only for the purposes of that tenement; it is not a personal right, and cannot be used, even by the dominant owner, for any purpose unconnected with the enjoyment of his estate. The purpose of this rule is to prevent an increase of the burden upon the servient estate, and it applies whether the easement is created by grant, reservation, prescription, or implication.

A principle which underlies the use of all easements is that the owner thereof cannot materially increase the burden of it upon the servient estate, nor impose a new and additional burden thereon. . . . It may be said in general that if an easement is put to any use inconsistent with the purpose for which it was granted, the grantee becomes a trespasser to the extent of the unauthorized use.

-4-

*Cellco P'ship v. Shelby Cnty.*, 172 S.W.3d 574, 596 (Tenn. Ct. App. 2005) (quoting *Adams v. Winnett*, 156 S.W.2d 353, 357 (Tenn. 1941) (internal quotations omitted)); *see Rector v. Halliburton*, 2003 WL 535924, at *4 (Tenn. Ct. App. Feb. 26, 2003) (easement owner may not materially increase the burden on the servient estate or impose a new and additional burden). The *Cellco Partnership* court recognized that "[w]hile the common law recognizes that certain easements may be assigned or apportioned to a third party, the third party's use cannot exceed the rights expressly conveyed to the original easement holder." *Cellco P'ship*, 172 S.W.3d at 598 (quoting *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002)).

If an easement is put to any use that is not consistent with the purpose for which it was granted, or which exceeds the scope as granted, the grantee may be liable for any resulting damages, measured by either the cost of restoring the property to its condition prior to the injury or its diminishment in value, depending on the circumstances. *Conatser v. Ball*, 2001 WL 873457, at *8-9 (Tenn. Ct. App. Aug. 3, 2001). Having alleged damage to their property as a result of the use of the easement by excessive use beyond the original purpose, the Russells have stated a claim.

Concluding the Russells have stated a cause of action for which relief can be granted, we reverse the trial court's judgment dismissing the Russells' complaint and remand the case for further proceedings.

## CONCLUSION

The trial court's judgment is reversed and the case is remanded for further proceedings. Costs of this appeal shall be assessed against the appellee, Hendersonville Utility District, for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE