IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 2, 2021

## VERA ELAINE CLARK v. CITY OF MOUNT JULIET

**Appeal from the Circuit Court for Wilson County**
**No. 2019-CV-377       Clara W. Byrd, Judge**

_____

### No. M2020-00293-COA-R3-CV

_____

The plaintiff commenced this action by alleging that the City of Mount Juliet failed to adequately light a public park and neglected to make the park safe for walking at night, conditions which caused her to fall and sustain severe personal injuries. The City responded by filing a Tenn. R. Civ. P. 12.02(6) motion to dismiss, claiming it was immune from suit under the Governmental Tort Liability Act. Following numerous filings by the plaintiff in opposition to the motion and after a hearing, the court granted the motion on the basis that the complaint did not plead facts sufficient to remove immunity from the City. Therefore, the court dismissed all claims. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Vera Elaine Clark, Gallatin, Tennessee, appellant, pro se.

Sarah Mae Matthews, Brentwood, Tennessee, for the appellee, City of Mt. Juliet, Tennessee.

### MEMORANDUM OPINION[1]

Vera Elaine Clark ("Plaintiff") timely commenced this action by filing a pro se complaint against the City of Mount Juliet. The complaint alleged, in pertinent part, that

_____

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the City's "dangerously negligent property management" caused Plaintiff to suffer physical, financial, and mental injuries:

> The severe physical injury occurred at the Charlie Daniel's Park in Mount Juliet, TN on June 29, 2018, between the hours of 8:00 and 9:00 p.m.
>
> .    .    .
>
> Defendant[] fail[ed] to adequately and safely light the property on which the Plaintiff's injury occurred. Defendant knowingly neglected to make all areas of the park safely a[cc]essible and travers[able] at night [and f]ailed to post any warnings or indicate hazardous terrain and structures in any way. All of which directly cause[d] Plaintiff a personal physical injury that require[d] an ambulance and emergency room, a seriously invasive and potentially life-threatening hip surgery, months of physical rehabilitation, towing and impounding of plaintiff's vehicle, extreme burdensome medical expenses and extremely egregious emotional distress. As such, Plaintiff now has titanium metal rods from her hip to knee, and from the left hip to left hip socket.

The City responded to the complaint by filing a Tenn. R. Civ. P. 12.02(6) motion to dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted. Specifically, the City contended that dismissal was warranted because "the City [was] immune from the plaintiff's negligence claims, as claims for negligence against a governmental entity, must be brought pursuant to the Governmental Tort Liability Act ("GTLA")."[2] The motion was supported by a memorandum of law in which it asserted, *inter alia*, that Plaintiff failed to plead facts sufficient to show immunity from suit had been removed.

Following a hearing on January 3, 2020, the trial court ruled as follows: "The motion to Dismiss claim for failure to remove immunity under the GTLA was GRANTED on the basis that the Plaintiff did not plead facts sufficient within the complaint to remove immunity form the City of Mt. Juliet." This appeal followed.

Plaintiff raises several issues on appeal; however, we have determined the dispositive issue is whether the trial court erred in dismissing the complaint pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief may be granted.[3]

---

[2] The City also alleged that the action was time barred under Tenn. Code Ann. § 29-20-305(b). The trial court ruled that the complaint was timely filed and the City does not challenge that ruling on appeal.

[3] One of the issues raised by Plaintiff is whether: "The trial court erred in awarding City of Mount Juliet 'immunity' based on 'Sovereign Immunity.'"

STANDARD OF REVIEW

This appeal concerns the trial court's decision to dismiss the complaint pursuant to Tenn. R. Civ. P. 12.02(6). A trial court's decision to grant a Rule 12.02(6) motion to dismiss is a question of law that we review de novo with no presumption of correctness. *See Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). We will uphold the decision "only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief." *Smith v. Benihana Nat'l Corp.*, 592 S.W.3d 864, 870 (Tenn. Ct. App. 2019) (citing *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)).

When making our determination, "we are limited to an examination of the complaint alone." *Wells Fargo Bank, N.A. v. Dorris*, 556 S.W.3d 745, 756 (Tenn. Ct. App. 2017) (citing *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990)). Moreover, we "do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in favor of the plaintiff." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012). As we recently explained in *Lawson v. Maryville City Schools*:

> "To survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations." *Webb*, 346 S.W.3d at 426. Our courts have interpreted Tenn. R. Civ. P. 8.01 as requiring "a plaintiff to state 'the facts upon which a claim for relief is founded.'" *Id*. (quoting *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)). While "[a] complaint 'need not contain detailed allegations of all the facts giving rise to the claim,' . . . it 'must contain sufficient factual allegations to articulate a claim for relief.'" *Id*. (quoting *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010)). "The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level." *Id*. (quoting *Abshure*, 325 S.W.3d at 104). Thus, "[w]hile a complaint in a tort action need not contain in minute detail the facts that give rise to the claim, *it must contain direct allegations on every material point* necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested . . . by the pleader, *or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial*." *Id*. (emphasis in original) (quoting *Leach v. Taylor*, 124 S.W.3d 87, 92 (Tenn. 2004)).

No. E2019-02194-COA-R3-CV, 2020 WL 7391151, at *3 (Tenn. Ct. App. Dec. 14, 2020).

## ANALYSIS

We begin our analysis by acknowledging that Plaintiff represented herself in the trial court and is pro se in this appeal. While we will be lenient concerning non-substantive matters of form, pro se litigants must comply with the same substantive and procedural rules as parties who are represented by lawyers:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014) (citations omitted).

The GTLA is premised on the constitutional rule that suits against governmental entities "may only be brought in such manner and 'in such courts as the Legislature may by law direct.'" *Vaughn v. City of Tullahoma*, No. M2015-02441-COAR3-CV, 2017 WL 3149602, at *1 (Tenn. Ct. App. July 21, 2017) (quoting Tenn. Const. art. I, § 17). Relevant to the claims asserted in this case, Tenn. Code Ann. § 29-20-201(a) provides immunity in the following circumstance:

> Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

Although the complaint fails to identify any exceptions, the only exception that may arguably apply is found in Tenn. Code Ann. § 29-20-204, which reads:

> (a)    Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.

> (b)    Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged.

Thus, the exception in § 29-20-204 would apply if Plaintiff's fall and injuries resulted from a defective public structure or public improvement the City owned and controlled that was in a dangerous and defective condition, and the City had constructive and/or actual notice of such condition.[4] However, the complaint fails to identify the structure or improvement at issue; it merely identifies the park and generally references inadequate lighting where Plaintiff's injury occurred. It also fails to allege that the City owned or managed the structure or improvement that caused her injuries, and it fails to allege that the City had constructive and/or actual notice of such condition. The only factual allegations stated in the complaint that ostensibly relate to the essential elements set forth in § 29-20-204 are as follows:

> The severe physical injury occurred at the Charlie Daniel's Park in Mount Juliet, TN on June 29, 2018, between the hours of 8:00 and 9:00 p.m.
>
> .    .    .
>
> Defendant[] fail[ed] to adequately and safely light the property on which the Plaintiff's injury occurred. Defendant knowingly neglected to make all areas of the park safely a[cc]essible and travers[able] at night. [Defendant] [f]ailed to post any warnings or indicate hazardous terrain and structures in any way.

Although the complaint states that the City's "dangerously negligent property management . . . caused Plaintiff's personal physical injuries," this statement is a legal conclusion and not an assertion of fact.[5] As noted earlier, if a complaint does not "contain direct allegations on every material point necessary to sustain a recovery on any legal theory," or "allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial," the complaint fails to state a claim on which relief can be granted. *See Lawson*, 2020 WL 7391151, at *3 (first citing *Webb*, 346 S.W.3d at 426, then quoting *Leach*, 124 S.W.3d at 92). As a consequence, the trial court correctly held the complaint did not plead facts sufficient to remove immunity from the City. Thus, the City's immunity was not removed.

For the foregoing reasons, we affirm the trial court's decision to dismiss all claims against the City because the complaint failed to allege sufficient facts to articulate a claim for relief.

---

[4] In an advisory opinion, the Attorney General of Tennessee stated, "A public improvement, as applied to a municipality, means generally an improvement upon the property of the municipality which furthers its operations and interests and welfare of the public." Tenn. Op. Atty. Gen. No. 95-024, 1995 WL 144718, at *22 (Mar. 27, 1995).

[5] "[L]egal conclusions set forth in a complaint are not required to be taken as true." *Webb*, 346 S.W.3d at 434 (quoting *Riggs v. Burson*, 941 S.W.2d 44 (Tenn. 1997) (citing *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992)).

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Vera Elaine Clark.

_____
FRANK G. CLEMENT JR., P.J., M.S.